UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Priscilla L. Williams )
5309 Riverdale Road, #112 )
Riverdale, MD 20737 )
) Case No. :
      Plaintiff, )
)
v. )
)
Office of the Chief Administrative Officer )
U.S. House of Representatives )
U.S. Capitol, HB30 )
Washington, DC 20515 )
)
      Defendant. )

## COMPLAINT

**I.    Introduction**

In this Complaint, Plaintiff asserts that Defendant, her former employer, violated Sections 201(a) (1) and 207 of the Congressional Accountability Act ("CAA"), 2 U.S.C. Sections 1301(a) (1) and 1317, respectively, by subjecting her to discriminatory and disparate treatment, and a hostile work environment based on her race (African-American), in addition to reprisal for exercising her rights pursuant to the CAA. Defendant has done this primarily by setting Plaintiff's salary at a rate significantly below the rate commensurate with her skills, experience and seniority, and significantly lower than similarly-situated Caucasian employees with less skill, experience and seniority; taking disciplinary action against her based on her race; and

terminating her employment based on her race, and in retaliation for her speaking up about the unjust and unlawful treatment imposed by Defendant.

## NATURE OF THE ACTION

1. Plaintiff Priscilla L. Williams ("Plaintiff" or "Ms. Williams") is an African-American woman who was employed as an Employee Services Manager with Defendant, the Chief Administrative Office for the U.S. House of Representatives ("Defendant" or "Employer"), until she was unlawfully terminated on June 9, 2006. While still employed with Defendant, Ms. Williams was subjected to race-based discrimination in the form of unequal pay and unfair discipline, and a hostile work environment. Her removal also was motivated by her race, as well as her having voiced her concerns to Defendant about her unlawful treatment. The discriminatory and disparate pay and discipline, and Defendant's wrongful termination of her employment, as well as other discriminatory, disparate and harassing treatment described in this Complaint, is conduct made unlawful by Section 201 of the CAA, 2 U.S.C. §1311. Plaintiff's speaking out against Defendant's unlawful conduct is therefore protected activity under Section 207 of the CAA, 2 U.S.C. § 1317.

2. Section 201 of the CAA, 2 U.S.C. § 1311(a)(1), protects employees from any discrimination based on race, within the meaning of Section 703 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

3. Section 207 of the CAA, in 2 U.S.C. § 1317, protects employees from reprisals. The CAA mandates that it "shall be unlawful for an employing office to intimidate, take reprisal against, or otherwise discriminate against, any covered employee because the covered employee has opposed any practice made unlawful by this Act, or because the covered employee has

2

initiated proceedings, made a charge, or testified, assisted, or participated in any manner in a hearing or other proceeding under this Act."

## II. Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 2 U.S.C. § 1408, Section 408 of the CAA. In addition, jurisdiction is proper under 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b). Venue is proper in the District of Columbia because the acts and practices complained of herein occurred in the District of Columbia.

## III. Jury Demand

6. Plaintiff demands a trial by jury for her claim pursuant to 2 U.S.C. § 1408 of the CAA.

## IV. Parties

7. Plaintiff is a former employee of the Office of the Chief Administrative Officer of the U.S. House of Representatives. Thus, Plaintiff is a "covered employee" under the CAA, 2 U.S.C. § 1301(3) (a).

8. Defendant is the Office of the Chief Administrative Officer of the U.S. House of Representatives. Defendant is an "employing office" under the CAA, 2 U.S.C. § 1301(9) (c).

## V. Exhaustion of Administrative Remedies

9. Plaintiff has exhausted her administrative remedies by completing counseling and mediation with the Congressional Office of Compliance as required by Section 401 of the CAA, 2 U.S.C. § 1401. Plaintiff files this Complaint on December 19, 2006, within 90 days of her receipt of the End of Mediation Notice, dated September 18, 2006, pursuant to Section 404 of the CAA, 2 U.S.C. § 1404.

## VI. Facts

10.  Plaintiff Priscilla L. Williams is an African-American woman with more than twenty years of experience in the field of human resources. Ms. Williams began work with Defendant as a contract employee in June 2003, and less than two years later, was offered a full-time staff position, which she began on February 14, 2005. In January 2006, Ms. Williams was offered a management position as Employee Services Manager.

11.  During her entire tenure working for Defendant, first as a contract employee, and then as a full-time employee who was ultimately offered promotion to a management position, Ms. Williams never received a less than satisfactory evaluation of her work. Her last performance evlaution, dated October 2005, and signed by Chief Administrative Officer Jay Eagan ("CAO") (Caucasian Male), rated her work as "exceeds expectations."

12.  Prior to the incidents described in this Complaint, Ms. Williams never received any proposed or actual disciplinary action on the job.

13.  During all times relevant to this Complaint, Traci Beaubian (African-American Female) was Ms. Williams' first-line supervisor, and Kathy Perdue (Caucasian Female) was Ms. Williams' second-line supervisor. Both Ms. Beaubian and Ms. Perdue are management officials.

14.  On or about January 19, 2006, Kathy Perdue offered Ms. Williams one of three newly created management positions, with a title of Employee Services Manager. The grade and pay offered were HS-8 and $60,979.

15.  Two other employees of Defendant were offered the additional management positions; namely Carol Peterson (African-American Female) and Elizabeth Burnham (Caucasian Female). Ms. Peterson was offered a manager position at HS-10, step 1 and Ms. Burnham was offered a manager position at HS-10, step 3.

4

16. The grade and pay offered Ms. Williams was not commensurate with her skills, experience and/or seniority, but instead was significantly lower. The grade and pay Ms. Williams was offered was equivalent to that given to non-exempt senior support staff members, including James Butler (Caucasian Male).

17. The grade and pay offered Ms. Peterson also was not commensurate with her skills, experience and/or seniority but instead was significantly lower.

18. The grade and pay offered Ms. Burnham was well above what her skills, experience, and/or seniority justified.

19. Ms. Williams sought a meeting to discuss her concerns about the grade and pay that had been offered with Kathy Perdue, her second-line supervisor, and with Kathy Wyszinski (Caucasian Female), an Administrative Associate with Defendant's Office of Human Resources who was then responsible for pay and benefits.

20. Ms. Williams met with Ms. Perdue and Ms. Wyszinski on January 20, 2006, and January 23, 2006.

21. At the meetings, Ms. Williams informed Ms. Purdue and Ms. Wyszinski about her concerns about their proposed placement of her in a lower grade and step than other similarly situated, non-minority managers. They responded to Ms. Williams by claiming that she had less tenure and less experience than the other managers.

22. Following the meeting, Ms. Perdue and Ms. Wyszinski presented a memorandum ("Perdue-Wyszinski memorandum") to Ms. Williams. The memorandum stated that the position was offered to Ms. Williams on the belief that she had customer service skills, and that the other managers were given higher grades and steps because they allegedly had more tenure and more experience than Ms. Williams.

23. Ms. Williams responded to the Perdue-Wyszinski memorandum in writing on January 26, 2006. In addition to refuting the memorandum point by point, she asked that the CAO review the situation. Ms. Williams also declined the management position at that time because of her concerns, and asked that she be given additional time to make her decision, to allow Mr. Eagan to complete his review.

24. Ms. Williams never got a response to her memorandum of January 26, 2006.

25. On or about February 4, 2006, Traci Beaubian warned Ms. Williams that upper management "would find a loophole to get rid of you because you complained." Ms. Beaubuian also encouraged her to get a new job for this reason.

26. On or about February 6, 2006, Jamie Brave (Caucasian Female), a consultant who had been tasked to develop job descriptions for the new management positions, told Ms. Williams that all three job descriptions were equal and that she thought compensation should therefore be equal. She also told Ms. Williams that the other managers were "leaning on her" because of her greater knowledge and experience.

27. Soon after the above-described discussion, Defendant terminated Ms. Brave's contract.

28. On or about April 6, 2006, Ms. Williams was called without explanation into a meeting with Tim Blodgett (Caucasian Male), Defendant's Administrative Counsel, and David Miller (Caucasian Male), Defendant's Director of Human Resources.

29. At the meeting, Mr. Blodgett and Mr. Miller told her that they had received a complaint from a student about her. This complaint alleged that Ms. Williams was accused of informing an employee that she would give him $80.00 to pay his student loan payment.

30. Ms. Williams did not do this, and told Mr. Blodgett and Mr. Miller so at the meeting.

31. Immediately following the meeting, Defendant placed Ms. Williams on administrative leave. Defendant kept Ms. Williams on administrative leave and out of the office until May 30, 2006, when Mr. Miller sent her a letter at her home, informing her that "your employment with the U.S. House of Representatives will be terminated as of June 9, 2006."

32. The letter provided no explanation for the decision to terminate Ms. Williams.

33. On April 19, Ms. Williams sent an e-mail to Tim Blodgett expressing her concerns about the way she was treated in connection with the complaint.

34. Mr. Blodgett responded verbally, telling Ms. Williams that he would investigate the matter.

35. Defendant's placing Ms. Williams on administrative leave decision and then removing her were disparate and discriminatory actions. Similarly-situated Caucasian employees were treated more favorably.

36. During the time she was employed by Defendant, Ms. Williams also suffered belittling, degrading and offensive comments based on her race, made by colleagues and management officials, and unchecked by management.

37. Ms. Williams also observed similar treatment in the form of belittling, degrading and offensive comments based on race, as described above, meted out to other African-American employees.

38. On or about June 17, 2006, Ms. Williams contacted the Congressional Office of Compliance to request counseling in connection with the allegations contained in this Complaint (Office of Compliance Case No. 06-HS-38 (CV, FL, RP)). Having exhausted her administrative

remedies as described in paragraph 12, above, Ms. Williams now files this Complaint seeking relief.

## COUNT I: CAA SECTION 201 (RACE-BASED DISCRIMINATION AND HARASSMENT/ HOSTILE WORK ENVIRONMENT)

39. Plaintiff hereby incorporates paragraphs 1-38, above, by reference.

40. The activities described in paragraphs 1-38, above, in this Complaint, constitute race-based harassment and a hostile work environment based on race.

41. The effect of the unlawful employment practices and actions taken as set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

42. As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, pain, suffering, damage to professional reputation, attorney fees and other damages.

## COUNT II: CAA SECTION 201 (RACE-BASED DISCRIMINATION AND HARASSMENT AND DISPARATE TREATMENT)

43. Plaintiff hereby incorporates paragraphs 1-38 above, by reference.

44. The disciplinary actions described in paragraphs 1-38 were pretextual, and were instituted in violation of the prohibition against discrimination against employees on the basis of race.

45. There is a direct and proximate nexus between Plaintiff's race (African-American) and the Defendant's pretextual disciplinary actions against Plaintiff.

46. The effect of the unlawful employment practices and actions taken as set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

47. As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to attorney fees and other damages.

### COUNT III: CAA SECTION 201 AND 207 (RETALIATION)

48. Plaintiff hereby incorporates paragraphs 1-38, above by reference.

49. The activities described in paragraphs 1-38 in this Complaint were instituted in violation of the prohibition on reprisals against employees that have engaged in protected activity, as defined under the CAA.

50. As described above, management officials employed by Defendant, including Kathy Perdue, who was Plaintiff's second-line supervisor, reprised against the Plaintiff for complaining against conduct made unlawful by the CAA.

51. There is a direct and proximate nexus between Plaintiff's written and verbal complaints about the treatment she received on the basis of her race, while employed by Defendant, federally protected activities, and the Defendant's unlawful treatment of Plaintiff.

52. The effect of the retaliatory employment practices and actions taken as set forth above was to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

53. As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, attorney fees and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable Court grant her the following relief:

1. A Declaration that the Defendant has violated Sections 201 and 207 of the CAA;

2. Direct the Defendant to expunge all records reflecting, referring or relating to the administrative suspension and removal suffered by Plaintiff;

3.. Direct the Defendant to make Plaintiff whole for any and all job benefits lost as a result of the Defendant's conduct as described in this Complaint;

4. Direct the Defendant to pay the Plaintiff back pay;

5. Direct the Defendant to pay the Plaintiff front pay;

6. Direct the Defendant to pay the Plaintiff compensatory damages in an amount to be determined at trial for damage to professional reputation, suffering, mental anguish and humiliation, embarrassment, emotional pain, inconvenience, and other pecuniary and non-pecuniary losses pursuant to 2 U.S.C. Sections § 1311(b) and 1317(b) of the CAA, resulting from the Defendant's prohibited employment actions of discrimination, harassment, disparate treatment, hostile work environment and reprisal against Plaintiff;

7. Reasonable attorney fees and costs; and

8. Such other relief as this Court deems just.

Respectfully submitted,

*Cheryl Polydor* (signature)
Cheryl Polydor, D.C. Bar # 454066
Law Firm of John Berry, PLLC
1990 M Street, N.W. Suite 610
Washington, D.C. 20036
(202) 955-1100

*Attorney for Plaintiff*

Dated: December 19, 2006

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Priscilla Williams

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   888888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cheryl Polydor
John Berry, P.L.L.C.
1990 M Street, N.W. Suite 610
Washington, D.C. 20036
(202) 955-1100

## DEFENDANTS
Office of the Chief Administrative Officer

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination based on race under the Congressional Accountability Act of 1995

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in compl:  JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 12/19/06   SIGNATURE OF ATTORNEY OF RECORD  *Cheryl Polk*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.