## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Priscilla L. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.  1:06CV2153 (RCL) |
| | ) | |
| Office of the Chief Administrative Officer, | ) | |
| U.S. House of Representatives | ) | |
| The Capitol, HB-30 | ) | |
| Washington, DC 20515 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT[1]

The Defendant, the Office of the Chief Administrative Officer of the United States House of Representatives ("CAO" or "Defendant"), by and through undersigned counsel, herein submits its answer and affirmative defenses to the allegations contained in Plaintiff Priscilla L. Williams' First Amended Complaint ("FAC").  Defendant denies that Plaintiff has any claim against Defendant and denies that Plaintiff sustained any damages on account of any alleged action or alleged omission of Defendant.

### INTRODUCTION

Answering the allegations of the first sentence of the first paragraph of the FAC (which paragraph is unnumbered), Defendant states that this sentence contains legal contentions to which no response is required.  To the extent a response is deemed required, Defendant admits

---

[1]     The First Amended Complaint was served prior to the date on which Defendant's Answer to the initial complaint was due under Fed.R.Civ.P.12 (a)(3)(A).  Accordingly, and

the existence of the cited statutes, but denies that it subjected Plaintiff to discriminatory or disparate treatment or a hostile work environment on account of her race or that it reprised against her for any alleged exercise of her rights under the Congressional Accountability Act ("CAA").  Answering the second sentence of the first paragraph of the FAC, Defendant denies the allegations of that sentence, except that Defendant admits that disciplinary action was taken with respect to Plaintiff due to Plaintiff's misconduct and that Plaintiff was terminated due to her misconduct.  Defendant denies that it took any action with respect to Plaintiff because of her race or any protected activity she allegedly engaged in and denies that it retaliated against Plaintiff. Defendant avers that the salary set for the position Plaintiff occupied was appropriate and was set as a part of a departmental reorganization and a detailed review and assessment of numerous objective factors.  Neither Plaintiff's race nor any alleged protected activity was a factor in the determination of the appropriate salary.  Except as expressly admitted, Defendant denies the allegations of the first paragraph of the FAC.

### NATURE OF THE ACTION

1.      Answering the first sentence of paragraph one, Defendant admits that Plaintiff is an African-American woman and admits that Plaintiff was promoted to the position of an Employee Services Manager in the Office of Finance and Procurement within the Office of the Chief Administrative Officer of the United States House of Representatives effective February 1, 2006 and held that position until her June 9, 2006 termination.  Defendant denies that Plaintiff was unlawfully terminated and denies the remaining allegations of the first sentence of paragraph one.  Defendant denies the allegations contained in the second and third sentences of paragraph

pursuant to Fed.R.Civ.P. 15, this Answer is Defendant's first appearance in this matter.

one.  Answering the fourth sentence of paragraph one, Defendant denies that there was any

discriminatory or disparate pay or discipline, denies that Plaintiff's termination was wrongful,

and denies that there was any discriminatory, disparate or harassing treatment.  The remaining

allegations in the fourth sentence of paragraph one are legal contentions that do not require a

response from Defendant; to the extent a response is deemed necessary, the allegations are

denied except to admit the existence of the cited statute.  Answering the fifth sentence of

paragraph one, that sentence contains legal conclusions to which no response is required.  To the

extent a response is required, Defendant denies the allegations of the fifth sentence of paragraph

one except to admit the existence of the cited statute.  Except as expressly admitted, all

allegations of paragraph one are denied.

2.      Plaintiff's allegations in paragraph two are legal conclusions and do not

require a response from Defendant.  To the extent a response is required, Defendant admits the

existence of the cited statute.  Defendant denies that it discriminated against Plaintiff based on

race.

3.      Plaintiff's allegations in paragraph three are legal conclusions and do not

require a response from Defendant.  To the extent a response is required, Defendant admits the

existence of the cited statute.  Defendant denies that it retaliated or took reprisal against Plaintiff.

### JURISDICTION AND VENUE

4.      Plaintiff's allegations in paragraph four are legal conclusions and do not

require a response from Defendant.  To the extent a response is deemed required, Defendant

denies the allegations in this paragraph, except to admit the existence of the cited statutes.

5.      Plaintiff's allegations in paragraph five are legal conclusions and do not

require a response from Defendant.  To the extent a response is deemed required, Defendant

admits that venue is proper in the District of Columbia and admits the existence of the cited

statute, but otherwise denies the allegations of paragraph five.  Defendant further incorporates its

responses and denials from the following paragraphs regarding the allegation in paragraph five

that it engaged in "the acts and practices complained of."

### JURY DEMAND

6.    Paragraph six does not require a response from Defendant.

### PARTIES

7.    Defendant admits the allegation in the first sentence of paragraph seven.  The

second sentence of paragraph seven contains a legal conclusion to which no response is required.

To the extent a response is deemed required, Defendant admits that, at certain times, Plaintiff

was a covered employee, but denies that Plaintiff was a covered employee at all times identified

in the FAC.

8.    Defendant admits the allegations of paragraph eight.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    Answering paragraph nine, Defendant states that this paragraph contains legal

contentions to which no response is required.  To the extent a response is deemed required,

Defendant denies the allegations of paragraph nine, except that Defendant admits the existence

of the statutes cited, admits that there was a mediation session with the Office of Compliance

and, according to a document from the Office of Compliance, bearing the date of September 18,

2006, Plaintiff requested counseling and completed mediation by that date.  Defendant avers that

the Court docket appears to reflect that the initial complaint in this matter was filed on or about

December 19, 2006, but denies that the FAC was filed on December 19, 2006.  Defendant avers

that the Court docket appears to reflect that the FAC was filed on or about January 11, 2007,

more than ninety days after the end of the mediation period.  Defendant is without sufficient

knowledge regarding whether all of the allegations in the FAC were the subject of any prior

mediation or counseling and, on that basis, denies that all of the allegations in the FAC are

timely or that Plaintiff properly exhausted her administrative remedies with respect to them.

### FACTS

10.    Answering the first sentence of paragraph ten, Defendant admits the Plaintiff is an

African-American woman.  The remaining allegation regarding Plaintiff's experience "in the

field of human resources" is undefined; because this phrase is susceptible to differing

interpretations, Defendant denies the remaining allegations of the first sentence of paragraph

ten.[2]  Answering the second sentence of paragraph ten, Defendant admits that Plaintiff performed

services for Defendant as an employee of an independent contractor beginning on or about June

2003, but denies that Plaintiff was an employee of Defendant during this time.   Defendant

admits Plaintiff began employment with Defendant on February 14, 2005.  Defendant denies that

Plaintiff performed work for the Office of Finance and Procurement during the entire time

identified in paragraph ten.  Plaintiff's contract services and employee work were provided in

Defendant's Office of Human Resources and Benefits until February 2006.  Defendant admits

the remaining allegations of the second sentence of paragraph ten and admits the allegations of

---

[2]    For instance, experience in the human resources field can mean substantive
experience with finance and payroll, substantive experience with benefits, substantive experience
with employee relations issues, customer service processing experience, clerical experience, or a
combination of these.  If Plaintiff adequately clarifies the meaning of this phrase, Defendant will

the third sentence of paragraph ten, except to clarify that there were three Employee Services

Manager positions and the position Plaintiff was offered was to be primarily focused on the help

desk, customer service and related work.

11.     Answering paragraph eleven, Defendant admits Plaintiff was promoted to a

management position, admits that there is a performance evaluation in which Plaintiff was rated

as excelling in a number of areas, and admits that Jay Eagen was the Chief Administrative

Officer and is a Caucasian male.  Defendant denies that Plaintiff was an employee of Defendant

during the time she performed services for the contractor, denies that Plaintiff's performance was

never evaluated as less than satisfactory, denies that the performance evaluation document

identified in the second sentence of paragraph eleven was dated October 2005, and denies that

the performance evaluation was signed by Jay Eagen.  Except as expressly admitted, Defendant

denies the allegations of paragraph eleven.

12.     Answering paragraph twelve, Defendant denies the allegations in the first

sentence as stated.  Defendant avers that Mr. Eagen sent Plaintiff an email on or about September

12, 2005, thanking her for her work and customer service as a member of the Tiger Team.

Defendant denies the allegations of the second sentence as stated.  Defendant admits that the

Tiger Team was a team of employees created by Defendant to assist in responding to inquiries

from customers regarding the new payroll system.  Defendant is without knowledge and thus

denies the allegation in the third sentence regarding a letter dated August 8, 2005.  Defendant

avers that Kathy Wyszynski sent a mass email to several individuals, including Plaintiff, on or

about August 29, 2005 discussing the role of the Tiger Team and referring to knowledge of

attempt to respond.

House operations and customer service skills possessed by the email's recipients. Except as expressly admitted, Defendant denies the allegations of paragraph twelve.

13.    Answering paragraph thirteen, Defendant asserts that the phrase "[p]rior to the incidents described in this Complaint" is vague and undefined and, for that reason, Defendant denies the allegations in paragraph thirteen. Defendant admits that Plaintiff did not receive disciplinary action from Defendant prior to 2006.

14.    Defendant denies the allegations in paragraph fourteen as stated. Defendant admits that at some, but not all times during Plaintiff's employment, she was supervised by, among others, Traci Beaubian and Kathy Perdue, that Ms. Perdue and Ms. Beaubian both currently hold supervisory positions and that their races are as identified in paragraph fourteen.

15.    Answering paragraph fifteen, Defendant admits that Ms. Peterson's race is as identified; Defendant is without sufficient knowledge regarding Ms. Ortega's race. Defendant avers that neither Plaintiff, Ms. Peterson nor Ms. Ortega received compensation increases in October 2005. Defendant denies the remaining allegations of paragraph fifteen.

16.    Answering paragraph sixteen, Defendant admits that Kathy Perdue offered Plaintiff the Employee Services Manager for Help Desk position on January 19, 2006, at the grade identified. Defendant avers that the salary offered was $60,974. Defendant avers that only the Help Desk Employee Services Manager position was offered to Plaintiff (she was not offered the other two Employee Services Manager positions). Except as expressly admitted, Defendant denies the allegations of paragraph sixteen.

17.    Answering the first and second sentences of paragraph seventeen, Defendant

admits the allegations in those sentences.[3]  Answering the third sentence of paragraph seventeen, Defendant admits that Ms. Peterson's seniority with Defendant was longer than Ms. Burnham's, but denies that this seniority entitled Ms. Peterson "to a higher step" than Ms. Burnham.

18.    Answering the first sentence of paragraph eighteen, Defendant denies the allegations of that sentence.  Defendant admits the allegations of the second sentence of paragraph eighteen.  Defendant avers that Plaintiff was ultimately offered the position at Grade HS-8, step 4.

19.    Defendant denies the allegations of paragraph nineteen.

20.    Defendant denies the allegations of paragraph twenty.

21.    Answering paragraph twenty-one, Defendant admits the allegations contained in paragraph twenty-one, except denies the allegations regarding Ms. Perdue's and Ms. Wyszynski's roles.

22.    Defendant denies the allegations of paragraph twenty-two.  Defendant avers that Plaintiff met with Ms. Wyszynski and Ms. Perdue on January 23, 2006, and January 27, 2006.

23.    Defendant denies the allegations of paragraph twenty-three as stated.  Defendant avers that in the January 23 and 27 meetings, Plaintiff questioned the salary level of the position she was offered.  Defendant denies that Plaintiff alleged or asserted in those meetings that her compensation was based on a prohibited factor under Title VII or otherwise, and denies that

---

[3]        Plaintiff's first filing with this Court on December 19, 2006 alleged that Ms. Burnham was offered a position at HS-10, step 3 – apparently attempting to suggest differential treatment between Ms. Burnham (Caucasian) and Ms. Peterson (African-American).  *See* Complaint at ¶ 15.  The FAC, however, provides a different version of the facts and asserts, correctly, that both Ms. Peterson and Ms. Burnham were offered positions at the same salary level of HS-10, step 1.

Plaintiff alerted or otherwise conveyed to Defendant at that time that she believed her rights under Title VII were being violated.  Defendant further avers that Ms. Perdue and Ms. Wyszynski explained in detail how Plaintiff's position was evaluated for compensation purposes and that tenure and experience in the relevant substantive field were among the factors they identified to Plaintiff.

24.     Answering paragraph twenty-four, Defendant admits that Plaintiff met with Ms. Perdue and Ms. Wyszynski on January 23 to discuss the compensation level of the management position Plaintiff had been offered.  Defendant further admits that, at some point, Ms. Perdue suggested that Plaintiff might also consider addressing this issue with Ms. Beaubian, who was to become Plaintiff's supervisor as a result of the reorganization.  Except as expressly admitted, Defendant denies the allegations of paragraph twenty-four.

25.     Answering the first sentence of paragraph twenty-five, Defendant admits that a memorandum from Kathy Perdue dated January 26 was provided to Plaintiff.  Answering the second sentence of paragraph twenty-five, Defendant denies the allegations as stated; the memorandum contains a number of statements, including that "[y]ou were offered the Help Desk Manager position and grade based upon a belief that you have customer skills that will allow you to be successful in the Help Desk Manager position."  Defendant denies that the memorandum stated that the other managers were given higher grades and steps because they had more tenure with Defendant than Ms. Williams; Defendant avers that the memorandum identified several factors that resulted in the grade and step assigned to the other two positions.  Answering the third sentence of paragraph twenty-five, Defendant denies the allegations as stated; Defendant admits that Ms. Peterson is African-American, admits that Ms. Peterson's tenure with Defendant

was longer than Plaintiff's tenure with Defendant, and admits that Ms. Peterson's experience was different than Plaintiff's. Answering the last sentence of paragraph twenty-five, Defendant admits that Ms. Burnham is Caucasian and had less tenure with Defendant than Plaintiff, but otherwise denies the allegations of this sentence.

26.    Answering the first sentence of paragraph twenty-six, Defendant admits the allegations in the first sentence. Answering the second sentence of paragraph twenty-six, Defendant denies that Plaintiff's memorandum "refut[ed] the memorandum point by point," but admits that Plaintiff asked that the CAO "review the situation." Answering the third sentence of paragraph twenty-six, Defendant denies the allegations as stated; Defendant admits that Plaintiff declined the management position at that time and asked for additional time to consider the offer. Defendant is without knowledge regarding Plaintiff's motivation for declining the management position. Defendant avers that it provided Plaintiff with the additional time she requested to consider whether to take the management position she had been offered. Answering the final sentence of paragraph twenty-six, Defendant denies the allegations of this sentence. Except as expressly admitted, Defendant denies the allegations of paragraph twenty-six.

27.    Defendant denies the allegations of paragraph twenty-seven.

28.    Answering the first and second sentences of paragraph twenty-eight, Defendant denies the allegations of those sentences, except Defendant is without sufficient information regarding Mr. Gallardo's race and, on that basis, denies that allegation. Answering the third sentence of paragraph twenty-eight, Defendant admits that Ms. Young is an African-American female. Defendant is without sufficient knowledge regarding what and when Ms. Williams "learned" and on that basis denies the remaining allegations of the third sentence. Defendant

admits that, at some point, Ms. Young was initially offered the position at grade 6, step 1. Answering the remaining sentences of paragraph twenty-eight, Defendant admits that Plaintiff and Mr. Blodgett communicated at some point regarding the position and admits that the position was not approved at grade 9, but denies the remaining allegations of those sentences. Defendant avers that, at the time, Mr. Blodgett was Defendant's Acting Administrative Counsel.

29.     Answering paragraph twenty-nine, Defendant admits the allegations of the first and second sentences, except Defendant believes the meeting occurred on February 6, 2006. Answering the remaining sentences of paragraph twenty-nine, Defendant denies that Ms. Beaubian made the quoted statement identified and denies that Ms. Beaubian "encouraged Ms. Williams to find a new job to avoid being fired." Except as expressly admitted, Defendant denies the allegations of paragraph twenty-nine.

30.     Answering paragraph thirty, Defendant admits that Jamie Brave was a contractor employee and had a role in the administrative coordination of new job descriptions. Defendant is without sufficient knowledge regarding any conversations between Plaintiff and Ms. Brave and, on that basis, denies the remaining allegations in paragraph thirty.

31.     Defendant denies the allegations in paragraph thirty-one as stated.

32.     Answering the first sentence of paragraph thirty-two, Defendant admits the allegations in the first sentence, except Defendant believes the correct date is February 22, 2006. Defendant denies the allegations in the second sentence of paragraph thirty-two. Answering the final sentence of paragraph thirty-two, Defendant admits that Plaintiff accepted the position, but denies that Plaintiff's job was in jeopardy as alleged. Defendant is without sufficient knowledge regarding Plaintiff's alleged "fear" and on that basis denies that allegation. Except as expressly

11

admitted, Defendant denies the allegations of paragraph thirty-two.

33.    Answering the first sentence of paragraph thirty three, Defendant denies the allegations as stated on the grounds that "office-wide" is undefined.  Defendant admits that there was a reorganization of payroll/benefits and Member Services individuals into the Office of Finance and Procurement.  Defendant admits the allegations of the second sentence of paragraph thirty-three.  Defendant denies the allegations of the third and fourth sentences of paragraph thirty-three as stated.

34.    Defendant denies the allegations of paragraph thirty-four.

35.    Defendant denies the allegations of paragraph thirty-five as stated.  Defendant avers that in April 2006 Plaintiff met with Mr. Blodgett and Mr. Miller (who is a Caucasian male and who was the Director of Human Resources Administration), that she was advised regarding an allegation of improper conduct, and she was given the opportunity to explain her version of the circumstances.  Except as expressly admitted, the allegations of paragraph thirty-five are denied.

36.    Defendant denies the allegations of paragraph thirty-six as stated.  Defendant avers as follows.  Plaintiff had previously had responsibilities related to student loan repayment processing.  Prior to this meeting with Mr. Blodgett and Mr. Miller, Plaintiff had been directed by her supervisors that she was not to have further involvement in student loan activities.  At this meeting with Mr. Blodgett and Mr. Miller, Plaintiff initially denied having had any recent substantive involvement regarding student loan issues; she later admitted that she had.  Plaintiff was advised that an employee of a Member's office had reported that Plaintiff had recently offered to meet him and provide him with $80 cash out of her own funds to make up for errors

that had occurred regarding the official repayment of his student loan. Plaintiff was advised of the identity of this individual. Plaintiff denied making the offer of cash to this individual. Any remaining allegations in this paragraph not specifically admitted are denied.

37.    Defendant denies the allegations of paragraph thirty-seven as stated. Defendant avers that Plaintiff stated that if she had made the offer, it would have been made in jest.

38.    Defendant admits the allegations of paragraph thirty-eight. Defendant further avers that, prior to sending the letter to Plaintiff, Mr. Blodgett, Mr. Miller and Ms. Beaubian called Plaintiff on the telephone to discuss the results of the investigation. They conveyed Defendant's decision that Plaintiff would no longer serve as an employee of Defendant, the reasons therefor, and that Defendant would allow her to resign.

39.    Defendant admits the allegations of paragraph thirty-nine. Defendant further incorporates its response to paragraph thirty-eight.

40.    Defendant denies the allegations of paragraph forty as stated. Defendant avers that Plaintiff sent an email to Mr. Blodgett on April 19, 2006 discussing workplace issues.

41.    Defendant admits the allegations of paragraph forty-one.

42.    Defendant denies the allegations of paragraph forty-two, except admits that Plaintiff was placed on administrative leave and that her employment was terminated. Defendant denies that these actions were disparate or discriminatory and denies that similarly-situated Caucasian employees were treated more favorably.

43.    Answering paragraph forty-three, Defendant is without sufficient knowledge regarding how Plaintiff perceived her interactions with colleagues and management officials and, on that basis, denies the allegations of paragraph forty-three. Defendant avers that prior to April

13

2006 Plaintiff did not report any such comments to management.

44.     Answering paragraph forty-four, Defendant is without sufficient knowledge regarding what Plaintiff observed and, on that basis, denies the allegations of paragraph forty-four.  Defendant avers that prior to April 2006 Plaintiff did not report any such treatment to management.

45.     Defendant is without sufficient knowledge regarding the allegations in the first sentence of paragraph forty-five.  Defendant avers that a document from the Office of Compliance states that counseling was requested on June 17.  Defendant denies the remaining allegations of paragraph forty-five.

**COUNT I**
**(ALLEGED RACE-BASED HOSTILE WORK ENVIRONMENT HARASSMENT)**

46.     Answering paragraph forty-six, Defendant incorporates its responses and denials to paragraphs one through forty-five.

47.     Defendant denies the allegations of paragraph forty-seven.  Defendant further expressly denies that the allegations are legally sufficient to establish a claim of hostile work environment harassment.

48.     Defendant denies the allegations of paragraph forty-eight.

49.     Defendant denies the allegations of paragraph forty-nine.

**COUNT II**
**(ALLEGED RACE-BASED DISPARATE TREATMENT)**

50.     Answering paragraph fifty, Defendant incorporates its responses and denials to paragraphs one through forty-five.

51.     Defendant denies the allegations of paragraph fifty-one.

52.     Defendant denies the allegations of paragraph fifty-two.

53.     Defendant denies the allegations of paragraph fifty-three.

54.     Defendant denies the allegations of paragraph fifty-four.

## COUNT III
## (ALLEGED RETALIATION)

55.     Answering paragraph fifty-five, Defendant incorporates its responses and denials to paragraphs one through forty-five.

56.     Defendant denies the allegations of paragraph fifty-six.

57.     Defendant denies the allegations of paragraph fifty-seven.

58.     Defendant denies the allegations of paragraph fifty-eight.

59.     Defendant denies the allegations of paragraph fifty-nine.

60.     Defendant denies the allegations of paragraph sixty.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief including, but not limited to, the relief requested at subparagraphs one through eight of the Prayer for Relief.

Any and all allegations in the FAC not heretofore expressly admitted are denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the FAC and to establish her alleged damages.

## FIRST AFFIRMATIVE DEFENSE

The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of harassment, discrimination or retaliation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Defendant's actions were all based on legitimate, non-discriminatory and non-retaliatory reasons, and were not based on Plaintiff's race or any other illegal factor.

## FOURTH AFFIRMATIVE DEFENSE

Defendant took prompt, remedial, and corrective action after Plaintiff complained of alleged discrimination and Plaintiff unreasonably failed to alert Defendant to her allegations in a timely manner and/or to avoid harm otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's employment relationship with Defendant was at-will and could be terminated at any time, for any reason, or for no reason at all.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are untimely.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on one or more allegations in her FAC and they should be dismissed accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant and its employees acted reasonably and in good faith at all material times

herein based on all relevant facts and circumstances known by them at the time they so acted.

Accordingly, the Plaintiff is barred from any recovery in this action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, unclean hands and/or waiver.

Defendant reserves the right to prepare and to present additional affirmative defenses and to supplement or amend Defendant's Answer to the First Amended Complaint.

Respectfully submitted,

DEFENDANT OFFICE OF THE CHIEF
ADMINISTRATIVE OFFICER OF THE UNITED
STATES HOUSE OF REPRESENTATIVES


By:      _____/s/_____
         Russell H. Gore, D.C. Bar # 449231
         Ann R. Rogers, D.C. Bar # 441622
         Gloria J. Lett, D.C. Bar # 293365
         U.S. House of Representatives
         Office of House Employment Counsel
         1036 Longworth House Office Building
         Washington, D.C. 20515
          (202) 225-7075
         Gloria.Lett@mail.house.gov
         Ann.Rogers@mail.house.gov
         Russell.Gore@mail.house.gov

         Attorneys for Defendant

Dated:    February 16, 2007