IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| Priscilla L. Williams, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Office of the Chief Administrative Officer, )<br>)<br>Defendant. ) | Civ. No. 1:06CV2153 (RCL) |

## JOINT LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3(d) and this Court's March 7, 2007 Order, the undersigned counsel met in person on Monday, March 19, 2007 and conferred regarding the topics set forth in Local Rule 16.3. The parties hereby submit their joint written report regarding each of the items set forth in Local Rule 16.3

(1) **Dispositive Motions.** There are no pending dispositive motions. As discussed below in item 6, Defendant anticipates filing such a motion.

(2) **Joinder/Amendment of Pleadings.** At this point, Plaintiff does not anticipate further amending her complaint, but may seek leave to do so at a later date. Plaintiff believes that any amendments should be sought within thirty days of the close of discovery. Plaintiff reserves the right to request leave of court to amend in that time frame if she deems it necessary. Defendant believes a deadline for amendments should be set well in advance of the close of discovery. Defendant preserves its right to oppose any requested

1

amendment. The parties do not believe the factual or legal issues can be narrowed at the present time.

(3) **Assignment to Magistrate Judge.** The parties do not wish this case to be assigned to a Magistrate Judge for all purposes.

(4) **Possibility of Settlement.** The parties believe that settlement discussions at this time could be productive.

(5) **Alternative Dispute Resolution.** The parties propose that the Court allow a 60-day period for pre-discovery mediation. They propose that the Court send them to either Magistrate Judge Kay or Magistrate Judge Facciola for mediation.

(6) **Dispositive Motions.** Defendant believes that this case may be resolved on a motion for summary judgment after discovery. Plaintiff disagrees. The parties propose that any summary judgment motion be filed 60 days after the close of discovery, with any opposition due 30 days thereafter, and any reply due 14 days thereafter. The parties defer to the Court regarding the timing of a ruling on summary judgment.

(7) **Initial Disclosures.** The parties stipulate to dispense with the initial disclosure provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure.

(8) **Extent of Discovery.** The parties believe discovery should be stayed for 60 days (to allow the parties to participate in alternative dispute resolution). The parties suggest that the Court schedule discovery to commence 60 days after the initial scheduling conference. Defendant believes that discovery should extend for a period of 9 months. Plaintiff believes that discovery should extend for a period of 6 months. Defendant believes 5 fact depositions per party is appropriate. Plaintiff believes up to 10 fact

depositions per party is appropriate. The parties agree that a protective order is appropriate and will draft such a document and submit it to the Court for approval prior to the commencement of discovery. Given the delays associated with Defendant's counsel's receipt of mail as a result of mail inspection practices at the House of Representatives, the parties have agreed to serve all discovery responses electronically, by facsimile, or by hand-delivery.

(9) **Expert Witness Reports.** The parties do not presently anticipate the need for experts, but reserve the right to utilize experts if they later deem it necessary and to seek an amendment of the scheduling order in this regard.

(10) **Class Actions.** Not applicable.

(11) **Bifurcated Trial/Discovery.** The parties do not believe bifurcation is appropriate for this case.

(12) **Pretrial Conference Date.** The parties agree that the Court should set a pretrial conference date after it rules on summary judgment.

(13)   **Trial Date.**  Plaintiff believes the Court should set a firm trial date at the initial scheduling conference.  Defendant believes the Court should set a trial date after it rules on summary judgment.

Respectfully Submitted,

By: ____/s/_____
Cheryl Polydor, D.C. Bar No. 454066
JOHN BERRY, PLLC
1990 M Street, NW
Suite 610
Washington, DC 20036
(202) 955-1100
Attorneys for Plaintiff

By:____/s/_____
Russell H. Gore, D.C. Bar No. 449231
Ann R. Rogers, D.C. Bar No. 441622
Gloria Lett, D.C. Bar No. 293365
Office of House Employment Counsel
1036 Longworth House Office Building
Washington, D.C. 20515
(202) 225-7075

Attorneys for Defendant

Dated: April 2, 2007