UNITED STATES DISTRICT COURT **RECEIVED**
FOR THE DISTRICT OF COLUMBIA

JAN 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Priscilla L. Williams )<br>5309 Riverdale Road, #112 )<br>Riverdale, MD 20737 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br>Office of the Chief Administrative Officer )<br>U.S. House of Representatives )<br>U.S. Capitol, HB30 )<br>Washington, DC 20515 )<br> )<br>Defendant. ) | Case No. : 1:06-cv-2153<br>RCL |

## FIRST AMENDED COMPLAINT

### I.    Introduction

In this Complaint, Plaintiff asserts that Defendant, her former employer, violated Sections 201(a) (1) and 207 of the Congressional Accountability Act ("CAA"), 2 U.S.C. Sections 1301(a) (1) and 1317, respectively, by subjecting her to discriminatory and disparate treatment, and a hostile work environment based on her race (African-American), in addition to reprisal for exercising her rights pursuant to the CAA.   Defendant has done this primarily by setting Plaintiff's salary at a rate significantly below the rate commensurate with her skills, experience and seniority, and significantly lower than similarly-situated Caucasian employees with less skill, experience and seniority; taking disciplinary action against her based on her race; and terminating her employment based on her race, and in retaliation for her speaking up about the unjust and unlawful treatment imposed by Defendant.

## NATURE OF THE ACTION

1.    Plaintiff Priscilla L. Williams ("Plaintiff" or "Ms. Williams") is an African-American woman who worked as an Employee Services Manager with the Office of Finance and Procurement of Defendant, the Office of the Chief Administrative Officer for the U.S. House of Representatives ("Defendant" or "Employer"), until she was unlawfully terminated, effective June 9, 2006. While still employed with Defendant, Ms. Williams was subjected to race-based discrimination in the form of unequal pay and unfair discipline, and a hostile work environment. Her removal was also motivated by her race, and/or her having voiced her concerns to Defendant about her unlawful treatment. The discriminatory and disparate pay and discipline, and Defendant's wrongful termination of her employment, as well as other discriminatory, disparate and harassing treatment described in this Complaint, is conduct made unlawful by Section 201 of the CAA, 2 U.S.C. §1311. Plaintiff's speaking out against Defendant's unlawful conduct is therefore protected activity under Section 207 of the CAA, 2 U.S.C. § 1317.

2.    Section 201 of the CAA, 2 U.S.C. § 1311(a)(1), protects employees from any discrimination based on race, within the meaning of Section 703 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

3.    Section 207 of the CAA, in 2 U.S.C. § 1317, protects employees from reprisals. The CAA mandates that it "shall be unlawful for an employing office to intimidate, take reprisal against, or otherwise discriminate against, any covered employee because the covered employee has opposed any practice made unlawful by this Act, or because the covered employee has initiated proceedings, made a charge, or testified, assisted, or participated in any manner in a hearing or other proceeding under this Act."

II.     <u>**Jurisdiction and Venue**</u>

4.      Jurisdiction is proper pursuant to 2 U.S.C. § 1408, Section 408 of the CAA.  In addition, jurisdiction is proper under 28 U.S.C. § 1331.

5. ·    Venue is proper in this Court pursuant to 28 U.S.C § 1391(b). Venue is proper in the District of Columbia because the acts and practices complained of herein occurred in the District of Columbia.

III.    <u>**Jury Demand**</u>

6.      Plaintiff demands a trial by jury for her claim pursuant to 2 U.S.C. § 1408 of the CAA.

IV.     <u>**Parties**</u>

7.      Plaintiff is a former employee of the Office of the Chief Administrative Officer of the U.S. House of Representatives.  Thus, Plaintiff is a "covered employee" under the CAA, 2 U.S.C. § 1301(3) (a).

8.      Defendant is the Office of the Chief Administrative Officer of the U.S. House of Representatives. Defendant is an "employing office" under the CAA, 2 U.S.C. § 1301(9) (c).

V.      <u>**Exhaustion of Administrative Remedies**</u>

9.      Plaintiff has exhausted her administrative remedies by completing counseling and mediation with the Congressional Office of Compliance as required by Section 401 of the CAA, 2 U.S.C. § 1401.  Plaintiff files this Complaint on December 19, 2006, within 90 days of her receipt of the End of Mediation Notice, dated September 18, 2006, pursuant to Section 404 of the CAA, 2 U.S.C. § 1404.

## VI.   Facts

10.     Plaintiff Priscilla L. Williams is an African-American woman with more than twenty years of experience in the field of human resources. Ms. Williams began work with Defendant's Office of Finance and Procurement as a contract employee in June 2003, and less than two years later, was offered a full-time staff position in the Office, which she began on February 14, 2005. In January 2006, Ms. Williams was offered a management position as Employee Services Manager.

11.     During her entire tenure working for Defendant, first as a contract employee, and then as a full-time employee who was ultimately promoted to a management position, Ms. Williams never received a less than satisfactory evaluation of her work. Her last performance evlaution, dated October 2005, and signed by Chief Administrative Officer Jay Eagan ("CAO") (Caucasian Male), rated her work as "exceeds expectations."

12.     In addition, Mr. Eagan sent Ms. Williams a letter on or about October 5, 2005, extending his thanks for her exceptional service to the "Tiger Team." The "Tiger Team" was a team of employees created by Defendant to provide a smooth transition to a new payroll system. In a letter signed by Kathy Wyszinski on or about August 8, 2005, Ms. Williams was informed of her selection for the "Tiger Team" based on her "passionate level of customer service" and her "knowledge of House operations."

13.     Prior to the incidents described in this Complaint, Ms. Williams never received any proposed or actual disciplinary action on the job.

14.    During all times relevant to this Complaint, Traci Beaubian (African-American Female) was Ms. Williams' first-line supervisor, and Kathy Perdue (Caucasian Female) was Ms. Williams' second-line supervisor. Both Ms. Beaubian and Ms. Perdue are management officials.

15.    In October 2005, Priscilla Williams, Carol Peterson (African-American Female) and Linda Ortega (Caucasian Female), all of whom worked in Defendant's Office of Finance and Procurement, were placed on "details." These details were temporary promotions to higher positions. Ms. Ortega was detailed to Defendant's Member Services Division, and Priscilla Williams and Carol Peterson were detailed to management positions within the Office of Management and Procurement. Ms. Ortega received additional compensation for her "detail" position. In contrast, Ms. Williams and Ms. Peterson did not receive additional compensation for their "detail" positions.

16.    On or about January 19, 2006, Kathy Perdue offered Ms. Williams one of three newly created management positions, with a title of Employee Services Manager. The grade and step offered Ms. Williams were HS-8, step 1, with a salary of $60,979 per year.

17.    Two other employees of Defendant were offered the additional management positions; namely Carol Peterson and Elizabeth Burnham (Caucasian Female). Ms. Peterson and Ms. Burnham both were offered a manager position at HS-10, step 1. However, Ms. Peterson had greater seniority than Ms. Burnham, and was entitled to a higher step.

18.    The grade, step and pay offered Ms. Williams were not commensurate with her skills, experience and/or seniority, but instead was significantly lower. In fact, the grade, step and pay Ms. Williams was offered were equivalent to the grade, step and pay given to non-exempt senior support staff members, including James Butler (Caucasian Male) and Debbie Bartholomew (Caucasian Female).

19.    The grade, step and pay offered Ms. Peterson also were not commensurate with her skills, experience and/or seniority, but instead were significantly lower.

20.    The grade, step and pay offered Ms. Burnham were above what her skills, experience, and/or seniority justified.

21.    Ms. Williams sought a meeting to discuss her concerns about the grade, step and pay she had been offered with Kathy Perdue, her second-line supervisor, and with Kathy Wyszinski (Caucasian Female), an Administrative Associate with Defendant's Office of Human Resources, who was then responsible for pay and benefits.

22.    Ms. Williams met with Ms. Perdue and Ms. Wyszinski on January 20, 2006.

23.    At the January 20, 2006 meeting, Ms. Williams informed Ms. Purdue and Ms. Wyszinski about her concerns about their proposal to place her in a lower grade and step than other similarly situated, non-minority managers. Ms. Williams informed them that she believed this would be a violation of her rights under Title VII.   Ms. Perdue and/or Ms. Wyszinski responded to Ms. Williams by claiming that she had less tenure and less experience than the other managers.

24.    On January 23, 2006, Ms. Williams met again with Ms. Perdue and Ms. Wyszinski to discuss her concerns about the management position she had been offered. Ms. Perdue recommended that Ms. Williams take her concerns to Traci Beaubian.

25.    On or about January 26, 2006, Ms. Perdue and Ms. Wyszinski presented a memorandum ("Perdue-Wyszinski memorandum") to Ms. Williams. The memorandum stated that the position was being offered to Ms. Williams on the belief that she had customer service skills, and that the other managers were given higher grades and steps because they had more tenure and more experience than Ms. Williams. In fact, Ms. Peterson (African-American) had

more tenure, but not more experience, than Ms. Williams. On the other hand, Ms. Burnham (Caucasian) had both less tenure and less experience than Ms. Williams.

26.   Ms. Williams responded to the Perdue-Wyszinski memorandum in writing on or about January 29, 2006. In addition to refuting the memorandum point by point, she asked that the CAO review the situation. Because of her concerns, Ms. Williams also declined the management position at that time, and asked that she be given additional time to make her decision, to allow Mr. Eagan to complete his review. Mr. Eagan never reviewed the situation.

27.   Ms. Williams never received a response to her memorandum dated on or about January 29, 2006.

28.   Also in January 2006, Ms. Perdue told Ms. Williams that management approval had been granted for a newly created position, Employee Verification Eligibility Specialist (I9) at grade 9, step 1. Ms. Perdue told Ms. Williams that she would like the management team to consider Joel Gallardo (Asian Male) for the position. However, Ms. Williams subsequently learned that it had been offered to (and accepted by) Kumiah Young (African-American Female) at grade 6. Ms. Williams discussed this with Tim Blodgett (Caucasian Male), Defendant's Administrative Counsel. Mr. Blodgett denied that the position had been approved at grade 9.

29.   On or about February 4, 2006, Ms. Williams met with Traci Beaubian. Ms. Beaubian first told Ms. Williams that she had understood that Ms. Williams would be offered the new management position at a higher grade than 8-1. She also warned Ms. Williams that upper management "would find a loophole to get rid of you because you complained." Ms. Beaubuian also encouraged Ms. Williams to find a new job to avoid being fired.

30.   On or about February 6, 2006, Jamie Brave (Caucasian Female), a consultant who had been tasked to develop job descriptions for the newly created management positions, told

7

Ms. Williams that all three job descriptions were equal and that she thought compensation should therefore be equal. She also told Ms. Williams that the other managers were "leaning on her" because of her greater knowledge and experience.

31.    Soon after the above-described discussion, Defendant terminated Ms. Brave's contract.

32.    On or about February 15, 2006, Ms. Beaubian informed Ms. Williams that Defendant had decided to offer Ms. Williams the management position at grade 8, step 4, at a salary of approximately $65,000. This compensation still was not commensurate with Ms Williams' tenure and experience. However, Ms. Williams accepted the promotion on these terms for fear that if she refused the new management position a second time, her job would be in jeopardy.

33.    In February 2006, Defendant instituted an office-wide reorganization. In connection with the reorganization, additional responsibilities were given to several employees. All of the Caucasian employees received additional compensation, whether or not they were given additional duties as a result of the reorganization. In contrast, several African-American employees received additional responsibilities during the reorganization, but were not given any additional compensation.

34.    Other instances in which African-American employees were treated less favorably than similarly-situated Caucasian employees in terms of compensation occurred in connection with the reorganization instituted by Defendant in February 2005, and at other times.

35.    On or about April 6, 2006, Ms. Williams was called without explanation into a meeting with Tim Blodgett and David Miller (Caucasian Male), Defendant's Director of Human Resources.

36.    At the meeting, Mr. Blodgett and Mr. Miller told her that they had received a complaint about her involving a House of Representatives employee. They did not provide Ms. Williams with the name of the employee, or the name of the person who had made the complaint. They told her only that the allegation was that Ms. Williams had offered to give the employee $80.00 to pay his student loan payment.

37.    Ms. Williams did not do this, and told Mr. Blodgett and Mr. Miller so at the meeting.

38.    Immediately following the meeting, Defendant placed Ms. Williams on administrative leave. Defendant kept Ms. Williams on administrative leave and out of the office until May 30, 2006, when Mr. Miller sent her a letter at her home, informing her that "your employment with the U.S. House of Representatives will be terminated as of June 9, 2006."

39.    The letter provided no explanation for the decision to terminate Ms. Williams.

40.    On April 19, Ms. Williams sent an e-mail to Tim Blodgett expressing her concerns about the way she was treated in connection with the complaint.

41.    Mr. Blodgett responded verbally, telling Ms. Williams that he would investigate the matter.

42.    Defendant's placing Ms. Williams on administrative leave decision and then removing her were disparate and discriminatory actions. Similarly-situated Caucasian employees were treated more favorably.

43.    During the time she was employed by Defendant, Ms. Williams also suffered belittling, degrading and offensive comments based on her race, made by colleagues and management officials, and unchecked by management.

44.     Ms. Williams also observed similar treatment in the form of belittling, degrading and offensive comments based on race, as described above, meted out to other African-American employees.

45.     On or about June 17, 2006, Ms. Williams contacted the Congressional Office of Compliance to request counseling in connection with the allegations contained in this Complaint (Office of Compliance Case No. 06-HS-38 (CV, FL, RP)). Having exhausted her administrative remedies as described in paragraph 9, above, Ms. Williams now files this Complaint seeking relief.

### COUNT I: CAA SECTION 201 (RACE-BASED DISCRIMINATION AND HARASSMENT/ HOSTILE WORK ENVIRONMENT)

46.     Plaintiff hereby incorporates paragraphs 1-45, above, by reference.

47.     The activities described in paragraphs 1-45, above, in this Complaint, constitute race-based harassment and a hostile work environment based on race.

48.     The effect of the unlawful employment practices and actions taken as set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

49.     As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, pain, suffering, damage to professional reputation, attorney fees and other damages.

## COUNT II: CAA SECTION 201 (RACE-BASED DISCRIMINATION AND HARASSMENT AND DISPARATE TREATMENT)

50.    Plaintiff hereby incorporates paragraphs 1-45 above, by reference.

51.    The disciplinary actions described in paragraphs 1-45 were pretextual, and were instituted in violation of the prohibition against discrimination against employees on the basis of race.

52.    There is a direct and proximate nexus between Plaintiff's race (African-American) and the Defendant's pretextual disciplinary actions against Plaintiff.

53.    The effect of the unlawful employment practices and actions taken as set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

54.    As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to attorney fees and other damages.

## COUNT III: CAA SECTION 201 AND 207 (RETALIATION)

55.    Plaintiff hereby incorporates paragraphs 1-45, above by reference.

56.    The activities described in paragraphs 1-45 in this Complaint were instituted in violation of the prohibition on reprisals against employees that have engaged in protected activity, as defined under the CAA.

57.    As described above, management officials employed by Defendant, including Kathy Perdue, who was Plaintiff's second-line supervisor, reprised against the Plaintiff for complaining against conduct made unlawful by the CAA.

58.    There is a direct and proximate nexus between Plaintiff's written and verbal complaints about the treatment she received on the basis of her race, while employed by Defendant, federally protected activities, and the Defendant's unlawful treatment of Plaintiff.

59.    The effect of the retaliatory employment practices and actions taken as set forth above was to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

60.    As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, attorney fees and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable Court grant her the following relief:

1.    A Declaration that the Defendant has violated Sections 201 and 207 of the CAA;

2.    Direct the Defendant to expunge all records reflecting, referring or relating to the administrative suspension and removal suffered by Plaintiff,

3..    Direct the Defendant to make Plaintiff whole for any and all job benefits lost as a result of the Defendant's conduct as described in this Complaint;

4.    Direct the Defendant to pay the Plaintiff back pay;

5.    Direct the Defendant to pay the Plaintiff front pay;

6.    Direct the Defendant to pay the Plaintiff compensatory damages in an amount to be determined at trial for damage to professional reputation, suffering, mental anguish and humiliation, embarrassment, emotional pain, inconvenience, and other pecuniary and

non-pecuniary losses pursuant to 2 U.S.C. Sections § 1311(b) and 1317(b) of the CAA,

resulting from the Defendant's prohibited employment actions of discrimination,

7.    Reasonable attorney fees and costs; and

8.    Such other relief as this Court deems just.

Respectfully submitted,

Cheryl Polydor, D.C. Bar # 454066
Law Firm of John Berry, PLLC
1990 M Street, N.W. Suite 610
Washington, D.C. 20036
(202) 955-1100

*Attorney for Plaintiff*

Dated: January 11, 2007

13

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Priscilla Williams

**SUMMONS IN A CIVIL CASE**

V.

Office of the Chief Administrative Officer
U.S. House of Representatives

CASE NUMBER:    1:06-cv-2153

TO: (Name and address of Defendant)

The Honorable Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cheryl Polydor, Esq.
John Berry, P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

LERK

DATE

y) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Priscilla Williams

**SUMMONS IN A CIVIL CASE**

V.

Office of the Chief Administrative Officer
U.S. House of Representatives

CASE NUMBER:    1:06-cv-2153

TO: (Name and address of Defendant)

Office of the Chief Administrative Officer
U.S. House of Representatives
U.S. Capitol, HB30
Washington, D.C. 20515

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cheryl Polydor, Esq.
John Berry, P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK                                              DATE

By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Priscilla Williams

**SUMMONS IN A CIVIL CASE**

V.

Office of the Chief Administrative Officer
U.S. House of Representatives

CASE NUMBER:    1:06-cv-2153

TO: (Name and address of Defendant)

Jeffery A. Taylor
United States Attorney for the District of Columbia
555 4th Street, NW
Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cheryl Polydor, Esq.
John Berry, P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within _____60_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                               DATE


By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Priscilla Williams

**SUMMONS IN A CIVIL CASE**

V.

Office of the Chief Administrative Officer
U.S. House of Representatives

CASE NUMBER:    1:06-cv-2153

TO: (Name and address of Defendant)

The Honorable Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cheryl Polydor, Esq.
John Berry, P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within _____60_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Priscilla Williams

**SUMMONS IN A CIVIL CASE**

V.

Office of the Chief Administrative Officer
U.S. House of Representatives

CASE NUMBER:   1:06-cv-2153

TO: (Name and address of Defendant)

Office of the Chief Administrative Officer
U.S. House of Representatives
U.S. Capitol, HB30
Washington, D.C. 20515

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cheryl Polydor, Esq.
John Berry, P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within _____60_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Priscilla Williams

**SUMMONS IN A CIVIL CASE**

V.

Office of the Chief Administrative Officer
U.S. House of Representatives

CASE NUMBER:    1:06-cv-2153

TO: (Name and address of Defendant)

Jeffery A. Taylor
United States Attorney for the District of Columbia
555 4th Street, NW
Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cheryl Polydor, Esq.
John Berry, P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C. 20036

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK